UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER ALGER,                                  CASE NO.:

      Plaintiff,

v.

TENET SOUTH, INC. d/b/a
EXPRESS OIL CHANGE & TIRE ENGINEERS,
a Foreign Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER ALGER ("Mr. Alger" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for violation of Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes, seeking recovery from TENET SOUTH, INC. D/B/A EXPRESS OIL CHANGE & TIRE ENGINEERS ("TS" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. This Court also has supplemental jurisdiction over Plaintiff's WCRS claims, as they arise out of the same operative facts and circumstances as Plaintiff's FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Okaloosa County, Florida.

4. Defendant is a foreign corporation that is located and does business in Okaloosa County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff worked for Defendant in Okaloosa County, Florida, and therefore the proper venue for this case is the Pensacola Division of the Northern District of Florida.

6. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by the WCRS.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during

the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Mr. Alger worked for TS as a Tire Technician at its Beal Parkway location in Fort Walton Beach, Florida, from May 9, 2016, until his termination on March 1, 2020.

10. During his years with TS, Mr. Alger was an excellent and reliable employee with no significant history of non-medical attendance or tardiness issues, or of disciplinary trouble.

11. On January 17, 2020, Mr. Alger was conducting an appointment on a motor home alongside Charles Jutras ("Jutras"), Service Manager.

12. The tires on the motor home were rusted over, requiring Mr. Alger to physically lift the tires.

13. Prior to attempting to lift the tires himself, Plaintiff requested the assistance of Jutras in order to effectively change the tires.

14. Defendant's agent/employee/manager Charles Jutras, also one of TS's new Mechanics, refused to help Mr. Alger as he wrestled with tires for the massive Class B RV. Mr. Alger was thus required to finish the appointment entirely alone.

15. As Mr. Alger was working on the tires, he felt a pop and a burning sensation, which increased markedly throughout the remainder of the day.

16. By 4 p.m. that day, Mr. Alger had determined it was necessary to consult with medical professionals regarding his injury.

17.     Mr. Alger subsequently treated with one of TS's workers' compensation doctors and was prescribed powerful analgesics and anti-inflammatories for a serious health condition, specifically bulges in discs in his lumbar spine.

18.     Defendant's physician recommended Plaintiff seek care from an orthopedic surgeon.

19.     Despite Mr. Alger's disclosure of his qualifying serious health condition to TS, TS never offered Mr. Alger FMLA paperwork, nor did it inform Mr. Alger of his rights and obligations under the FMLA.

20.     On or about February 5, 2020, Mr. Alger consulted with an orthopedic surgeon regarding his injuries. In response, Plaintiff's doctor recommended he not work for the foreseeable future.

21.     Mr. Alger was off work through the end of February 2020.

22.     On or about March 1, 2020, Mr. Alger learned that TS had terminated his employment.

23.     TS interfered with, and ultimately retaliated against, Mr. Alger because he suffered a serious health condition and because he availed himself to workers' compensation benefits in order to treat and address same.

24.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

25.     The timing of Plaintiff's attempted use of protected FMLA leave, his workers' compensation claim, and Defendant's termination of his employment, alone

demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

26. TS' adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. Alger disclosing his serious health condition, and attempting to utilize FMLA leave to treat and address same.

27. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

28. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

29. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of what should have been protected FMLA leave.

30. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

31. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

32. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 5, and 7 through 26, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

36. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore him to the same or an equivalent position upon his return from FMLA leave and failing to inform Plaintiff of his rights under the FMLA

37. Plaintiff's termination is an adverse employment action.

38. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 5, and 7 through 26, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

43. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

44. Plaintiff's termination is an adverse employment action.

45. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

46. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE,** Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II- VIOLATION OF WCRS**

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 2 through 6, 9 through 13, 15 through 19, and 25 through 27, above.

49. On or around March 1, 2020, Defendant terminated Plaintiff from his employment in violation of the WCRS.

50. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

51. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 22nd day of November, 2021.

>Respectfully Submitted,
>
>*/s/ Noah E. Storch*
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR. 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: **noah@floridaovertimelawyer.com**
>
>*Attorneys for Plaintiff*